| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| In re:<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND SCHEME LITIGATION | 18-MD-2865 (LAK) |
| This document relates to:<br><br>SKAT,<br><br>       Plaintiff,<br><br>      v.<br><br>TEW ENTERPRISES, LLC RETIREMENT PLAN & ANDREA TEW,<br><br>       Defendants. | Case No. 1:18-cv-09494 (LAK) |

**THE TEW DEFENDANTS' ANSWER TO THE COMPLAINT**

    Defendants Tew Enterprises, LLC Retirement Plan ("Tew Enterprises Retirement Plan") and Andrea Tew ("Tew," together with Tew Enterprises Retirement Plan, the "Tew Defendants"), by their undersigned attorneys, as and for their Answer (the "Answer") to the Complaint dated June 14, 2018 (the "Complaint") of Plaintiff Tax Administration of the Kingdom of Denmark ("SKAT"), state as follows:

    1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

    2.  State that paragraph 2 of the Complaint is a characterization of the action that requires no response. To the extent a response is required, the Tew Defendants deny the

allegations of paragraph 2 insofar as they are directed at the Tew Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Deny the allegations of the first sentence of paragraph 3 to the extent such allegations are directed at the Tew Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Deny the allegations of paragraph 4, except state that Tew properly applied to SKAT on behalf of the entities for which she was an authorized representative for withholding tax refunds in connection with shares actually owned, and dividends actually received, by such entities.

5. Deny the allegations of paragraph 5, except state that Tew properly applied to SKAT on behalf of Tew Enterprises Retirement Plan for withholding tax refunds in connection with shares actually owned, and dividends actually received, by Tew Enterprises Retirement Plan and otherwise deny knowledge or information sufficient to form a belief as to the truth of the last two sentences of paragraph 5 insofar as they are not directed at the Tew Defendants.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except deny that the entities for which Tew was authorized representative did not own the shares referenced therein and deny that such entities were not entitled to a refund of withholding tax as referenced therein.

7. Deny Tew or the entities for which she was authorized representative received refunds to which they were not entitled and deny knowledge or information sufficient to for a belief as to the truth of the allegations of the second sentence of paragraph 7.

8. Deny knowledge or information sufficient to for a belief as to the truth of the allegations of paragraph 8, except state that SKAT stopped paying all claims for refunds of dividend withholding in or about 2015.

9. Deny the allegations of paragraph 9 and state that (a) Tew authorized Global Equities GmbH ("Global Equities") to submit tax refund claims on behalf of Tew Enterprises Retirement Plan for dividends received by Tew Enterprises Retirement Plan from Danish companies in connection with shares of such companies actually owned by Tew Enterprises Retirement Plan; (b) Global Equities submitted accurate tax refund claims to SKAT in connection with shares owned, and dividends received, by Tew Enterprises Retirement Plan; and (c) the monthly account statements prepared by Tew Enterprises Retirement Plan's broker-dealer ED&F Man Company Limited ("ED&F Man") accurately reflect the shares in Danish companies owned by Tew Enterprises Retirement Plan and the dividends received by Tew Enterprises Retirement Plan for such shares.

10. Deny the allegations of paragraph 10 to the extent such allegations state that Tew and the entities for which she was authorized representative were not entitled to the refunds referenced therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, except deny that Tew and the entities for which she was authorized representative were not entitled to the refunds referenced therein.

12. Deny the allegations of paragraph 12 insofar as they are directed at the Tew Defendants.

13. Deny the allegations of paragraph 13.

14. State that the allegations of paragraphs 14-15 are conclusions of law and/or legal argument and/or characterizations of the law as to which no responsive pleading is required and state that Plaintiff purports to invoke jurisdiction and venue as set forth therein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

16. Deny the allegations of paragraph 17, except state that Tew Enterprises Retirement Plan was (a) a pension plan that listed its address at 910 Aiken Road, Versailles, Kentucky, (b) a trust qualified under section 401(a) of the United States Revenue Code, (c) exempt from income tax under Section 501(a) of the United States Internal Revenue Code, and (d) a resident of the United States for purposes of U.S. taxation.

17. Admit the allegations of paragraph 18.

18. State that the allegations of paragraphs 19-20 are conclusions of law and/or legal argument and/or characterizations of the law as to which no responsive pleading is required.

19. Admit, on information and belief, the allegations of paragraphs 21 and 22 to the extent such allegations state that foreign shareholders may be entitled to a refund for taxes withheld on dividends under a double taxation treaty between Denmark and the United States.

20. Deny the allegations of paragraph 23 to the extent such allegations are directed at the Tew Defendants, except state that tax refund claims were submitted on behalf of Tew Enterprises Retirement Plan seeking the withholding tax on shares actually owned by Tew Enterprises Retirement Plan and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

22.     Deny the allegations of paragraph 25 to the extent such allegations are directed at the Tew Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

23.     Deny the allegations of paragraph 26, except state that Global Equities was payment agent for Tew Enterprises Retirement Plan and submitted tax refund claims on behalf of Tew Enterprises Retirement Plan.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, except state that Tew Enterprises Retirement Plan received payments with respect the its withholding tax refund claims submitted on behalf of Tew Enterprises Retirement Plan in connection with dividends actually received by Tew Enterprises Retirement Plan.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except state that withholding tax refunds claims were submitted on behalf of Tew Enterprises Retirement Plan and refer the Court to the documentation submitted in connection therewith for the contents thereof.

26.     Deny the allegations of paragraph 29 to the extent such allegations are directed at the Tew Defendants, state that withholding tax refund claims were submitted on behalf of Tew Enterprises Retirement Plan in connection with shares of companies listed on the OMX Copenhagen 20 Index in Denmark actually owned by Tew Enterprises Retirement Plan, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, except state that Tew Enterprises Retirement Plan received

payments with respect the its withholding tax refund claims submitted on behalf of Tew Enterprises Retirement Plan in connection with dividends actually received by Tew Enterprises Retirement Plan.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, except state that SKAT paid withholding tax refund claims submitted on behalf of Tew Enterprises Retirement Plan in connection with dividends actually received by Tew Enterprises Retirement Plan.

29. Deny the allegations of paragraph 32 to the extent such allegations are directed at the Tew Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, except state that Tew Enterprises Retirement Plan made tax refund claims through Global Equities.

31. Deny the allegations of paragraph 34 to the extent such allegations are directed at the Tew Defendants, except state that Tew was the authorized representative and agent of Tew Enterprises Retirement Plan and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

32. Deny the allegations of paragraph 35 to the extent such allegations are directed at the Tew Defendants, except state that Global Equities was the payment agent for Tew Enterprises Retirement Plan, state that claims were submitted on behalf of Tew Enterprises Retirement Plan for withholding tax refunds in connection with shares actually owned by Tew Enterprises Retirement Plan and dividends actually received by Tew Enterprises Retirement

6

Plan, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, except state that claims were submitted on behalf of Tew Enterprises Retirement Plan for withholding tax refunds in connection with shares actually owned by Tew Enterprises Retirement Plan and dividends actually received by Tew Enterprises Retirement Plan in or about September 2012, December 2012, March 2013, April 2013, October 2013, January 2014, March 2014, and April 2014.

34. Deny the allegations of paragraph 37.

35. Deny the allegations of paragraph 38, except state that Tew Enterprises Retirement Plan received payments in or about September 2012, February 2013, April 2013, May 2013, October 2013, February 2014, April 2014, and May 2014 in connection with refund claims that were submitted on behalf of Tew Enterprises Retirement Plan seeking the withholding tax on dividends actually received by Tew Enterprises Retirement Plan.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, except state that Mrs. Tew signed a Power of Attorney for Tew Enterprises Retirement Plan and refer the Court to the documents referenced therein for the contents thereof.

37. Deny the allegations of paragraph 40, except state that Mrs. Tew signed a Power of Attorney for Tew Enterprises Retirement Plan and refer the Court to the documents referenced therein for the contents thereof.

38. Deny the allegations of paragraph 41, except state that Bernard Tew is Defendant Tew's husband and Stephanie and Vincent Tew are their children, state that Tew, together with

7

her family members, signed Power of Attorney documents for fifteen separate claimants that actually owned shares listed on the OMX Copenhagen 20 Index, and refer the Court to the documents referenced therein for the contents thereof.

39. Refer the Court to the documents referenced in paragraph 42 for the contents thereof and state that the documents were signed as alleged therein.

40. Deny the allegations of paragraph 43 to the extent such allegations are directed at the Tew Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, except state that Global Equities was authorized to submit withholding tax refund claims on behalf of Tew Enterprises Retirement Plan via a Power of Attorney.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

43. Deny the allegations of paragraph 46, except state that (a) Tew authorized Global Equities to submit tax refund claims on behalf of Tew Enterprises Retirement Plan for dividends received by Tew Enterprises Retirement Plan from Danish companies in connection with shares of such companies actually owned by Tew Enterprises Retirement Plan; and (b) Global Equities submitted accurate tax refund claims to SKAT in connection with shares owned, and dividends received, by Tew Enterprises Retirement Plan and refer the Court to the documents referenced therein for the contents thereof.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, except state that Tew Enterprises Retirement Plan received

payments in connection with refund claims that were submitted on behalf of Tew Enterprises Retirement Plan seeking the withholding tax on dividends actually received by Tew Enterprises Retirement Plan.

45.    Deny the allegations of paragraph 48 to the extent such allegations are directed at the Tew Defendants, except state that documentation from ED&F Man reflecting Tew Enterprises Retirement Plan's actual ownership of Danish companies listed on the OMX Copenhagen 20 Index was submitted in connection with Tew Enterprises Retirement Plan's withholding tax refund claims, refer the Court to the documents referenced therein for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

46.    Deny the allegations of paragraph 49 and refer the Court to the "tax voucher" referenced therein for the contents thereof.

47.    Deny the allegations of paragraph 50.

48.    Deny the allegations of paragraph 51 to the extent such allegations are directed at the Tew Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

49.    The Tew Defendants repeat and reallege their responses to paragraphs 1 through 51 above as if fully set herein.

50.    State that the allegations of paragraphs 53, 54, 55 and 56 are conclusions of law and/or legal argument as to which no responsive pleading is required.  To the extent the Court may deem an answer necessary, the Tew Defendants deny the allegations in paragraphs 53, 54, 55 and 56.

51.     The Tew Defendants repeat and reallege their responses to paragraphs 1 through 56 above as if fully set herein.

52.     State that the allegations of paragraphs 58, 59, 60, 61, 62 and 63 are conclusions of law and/or legal argument as to which no responsive pleading is required.  To the extent the Court may deem an answer necessary, the Tew Defendants deny the allegations in paragraphs 58, 59, 60, 61, 62 and 63.

53.     The Tew Defendants repeat and reallege their responses to paragraphs 1 through 63 above as if fully set herein.

54.     State that the allegations of paragraphs 65, 66, 67, 68 and 69 are conclusions of law and/or legal argument as to which no responsive pleading is required.  To the extent the Court may deem an answer necessary, the Tew Defendants deny the allegations of paragraphs 65, 66, 67, 68 and 69.

55.     The Tew Defendants repeat and reallege their responses to paragraphs 1 through 69 above as if fully set herein.

56.     State that the allegations of paragraphs 71-72 are conclusions of law and/or legal argument as to which no responsive pleading is required.  To the extent the Court may deem an answer necessary, the Tew Defendants deny the allegations of paragraphs 71 and 72.

57.     The Tew Defendants repeat and reallege their responses to paragraphs 1 through 72 above as if fully set herein.

58.     State that the allegations of paragraphs 74, 75, 76 and 77 are conclusions of law and/or legal argument as to which no responsive pleading is required.  To the extent the Court may deem an answer necessary, the Tew Defendants deny the allegations of paragraphs 74, 75, 76 and 77.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim as to which relief may be granted as to the Tew Defendants.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint advances claims governed by foreign law, namely the Kingdom of Denmark. The Kingdom of Denmark is a foreign, sovereign government.

3. The claims in the Complaint violate a longstanding principle of United States and foreign law that prohibits a foreign sovereign from using courts of another sovereign to enforce its revenue laws. This principle, known as the Revenue Rule, bars this action.

**THIRD AFFIRMATIVE DEFENSE**

4. All tax refund claims submitted on behalf of Tew Enterprises Retirement Plan to Plaintiff were for dividends actually received by Tew Enterprises Retirement Plan in connection with Tew Enterprises Retirement Plan's ownership of shares of Danish companies.

**FOURTH AFFIRMATIVE DEFENSE**

5. To the Tew Defendants' knowledge, all tax refunds claims submitted to SKAT on behalf of Tew Enterprises Retirement Plan were accurate.

**FIFTH AFFIRMATIVE DEFENSE**

6. Plaintiff fails to plead fraud with particularity against the Tew Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff is seeking similar relief in another forum.

Dated: October 24, 2018

        Respectfully submitted,

        SEWARD & KISSEL LLP

        <u>/s/ Mark J. Hyland</u>
        Mark J. Hyland
        Thomas Ross Hooper
        One Battery Park Plaza
        New York, New York 10004
        Tel: (212) 574-1200
        Fax: (212) 480-8421
        hyland@sewkis.com
        hooper@sewkis.com

        Counsel for the Tew Defendants

SK 29893 0001 8080387